PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE _Eastern_ DISTRICT OF TEXAS
_Lufkin_ DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 1 7 2017

BY _____
DEPUTY _____

_Stevie Wyre #1858012_
Plaintiff's Name and ID Number

_Eastham Unit_
Place of Confinement

9:17cv7

CASE NO. _____
(Clerk will assign the number)

v.

_UTMB - Owen J Murray-D.O.; MBA = UTMB Galveston, Tx. 77555_
Defendant's Name and Address

_Theodore Hall - Medical Director - Eastham Unit - 2665 Prison Rd #1 - Lovelady,_
Defendant's Name and Address _Tx, 75851_

_Mark Roberts - Practice Manger - Eastham Unit - 2665 Prison Rd #1 - Lovelady,_
Defendant's Name and Address (See Attachment) _Tx, 75851_
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant. Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim. Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1.

Rev. 05/15

Attachment to page (1)

Defendants continue:

Joseph U. Bush - Corr. Office IV = Eastham Unit 2665 Peison Rd #1
Lovelady, TX. 75851
Defendants name and address

Neil A Turner - Corr. Office V Eastham Unit 2665 Prison Rd #1
Lovelady, TX. 75851
Defendant's name and address

Bobby R. Cooper JR. - Corr. office I Eastham Unit 2665 Prison Rd #1
Lovelady, TX 75851
Defendant's name and address

Melaine E. Alvarado N.P - Eastham Unit 2665 Prison Rd #1
Lovelady, TX. 75851
Defendant's name and address

Nina G. Lane - Typist of Radiology Report = UTMB
Galveston, TX. 77555

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of $400.00.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✓ NO

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: ___ N/A ___

        2.  Parties to previous lawsuit:

            Plaintiff(s) ___ N/A ___

            Defendant(s) ___ N/A ___

        3.  Court: (If federal, name the district; if state, name the county.) ___

        4.  Cause number: ___ N/A ___

        5.  Name of judge to whom case was assigned: ___ N/A ___

        6.  Disposition: (Was the case dismissed, appealed, still pending?) ___ N/A ___

        7.  Approximate date of disposition: ___ N/A ___

Rev. 05/15

II.   PLACE OF PRESENT CONFINEMENT: Eastham Unit 2665 Prison Rd #1 Lovelady, Texas 75851

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES   ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A.   Name and address of plaintiff: Stevie Wynne #1858012 Eastham Unit 2665 Prison Rd #1 Lovelady, Texas 75851

B.   Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Theodore Hall - UTMB Medical Director at Eastham Unit sued in his Individual and Official Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

deliberate indifference and interference medical treatment violation of the 8th and 14th Amendment

Defendant #2: Mark Roberts - UTMB, Practice Manger at Eastham Unit, Sued in his Individual and Official Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

deliberate indifference and interference medical treatment violation of the 8th and 14th Amendment

Defendant #3: Melanie E. Alvarado, UTMB, N.P. sued individual and Official Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

deliberate indifference and interference medical treatment violation of the 8th and 14th Amendment

Defendant #4: UTMB - Owen J. Murray D.O, MBA of UTMB sued in Official Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

deliberate indifference and interence medical treatment violation of the 8th Amendment

Defendant #5: Nina G. Lane, UTMB, Typist of Radiology Report sued in official Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

deliberate indifference and interference medical Greatment and violation of the 8th Amendment

3

Rev. 05/15



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2016137383

UGI Recd Date: JUL 20 2016

HQ Recd Date: JUL 20 2016

Date Due: 8.28

Grievance Code: 000

Investigator ID #:

Extension Date:

Offender Name: _Stevie Wype_    TDCJ # _1858012_

Unit: _Eastham_    Housing Assignment: _S-3-20-B_

Unit where incident occurred: _Eastham Unit_

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be specific).    *I am dissatisfied with the response at Step 1 because...*

I received my Step 1 on 6/15/16 stating that my restrictions were addressed on 4/19/16, 4/25/16 and 5/03/16 that Restrictions are not indicated at this time. The provider has the authority of treatment even though you have differ in opinion with the provider. Ms Alvarado denies your allegation and there is no evidence to support your allegations. "But there is" - on 6/14/16 I saw Ms. Alvarado due to the pain in my neck, that on 6/10/16 I got off the Trailer to work in the fields, I had a very severe pain in my neck. Ms Alvarado addressed it on 6/14/16 and talked to me about what restrictions I had before, I told her, no bending at waist and no repetitive squatting and no repetitive use of hands and no climbing -- All due to my history of cervical spinal Laminectomy. Then, Ms. Alvarado told me she will request and order 800mg Ibuprofen for the pain. Then Ms. Alvarado addressed the Heat Rash that is all over me, She ordered a shampoo (call) Selenium Sulf, She told me to try this shampoo for now. . . . . .
    Now about my restrictions on 4/19/16 I saw Dr. Hall at 11:08 am I complained about my restrictions Dizzy spells Blurred Vision Neck pain due to my neck injury. "In Dr. Hall statement on his Report" There is no scar or other finding consistent with having back surgery as represent
    But if you look at my past current history it shows lower bunk no bending at waist, no repetitive squatting and no repetitive use of Hand and Addition on Dr. Moza. Report, "He add Ground Floor only

**I-128 Front** (Revised 9-1-2007)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

JUN 22 2016

due to my Neck injury, I have in that report But in Dr. Hall report, "He say. Back surgery... I had Neck surgery, not Back surgery, there is a differs in the two. it is in my report Neck injury Spinal Laminectomy, where the outside Doctor fuse C1 and C5 together that for a year and 9 months I was paralyzed due to my Neck injury. So I do need those restriction. Because, I fear of re-injury my Neck without them. Restrictions II B 2 III 10, 11 and 16 from NP A. Buya on 6/12/13 then the same from Dr. J. Moza on 3/6/14 add ground floor only to it. See the History report to come to you decision. This is a Chronic injury I was a I/M Squad 2 As well from 6/12/13 till Dr. Hall took my restrictions on 4/19/16 and the changes started. CC: 6/18/16

---

Offender Signature: Stevie Wire # 1858012          Date: 6/18/16

**Grievance Response:**

In your Step 1 medical grievance, you stated due to your history of neck and back injuries you were issued medical restrictions. You were seen by the provider you named on 4/25/2016 who hit you in the neck and stopped your restrictions. You are suffering chronic pain and need your restrictions.

The Step 2 appellate review supports the response received at Step 1. You have been seen and evaluated by the Medical Doctor and the provider you named, who both determined the restrictions were not indicated at the time. You were prescribed Ibuprofen for pain on 6/14/2016. On 7/29/2016 the Medical Doctor added a low bunk restriction x 90 days. A statement was received from the provider you named denying your complaints against her explaining she performed a musculoskeletal evaluation. You may wish to submit a Sick Call Request to the medical department for your medical issues.

Recognizing that an offender's condition may change and/or opinions may differ among health care professionals, an offender's HSM-18 may be reviewed and revised at the discretion of a physician, dentist, psychiatrist, mid-level provider, or Master's Level or higher Psychologist. HSM-18 review with appropriate updating is required whenever there is a significant change in the offender's medical or mental status. 2.01

---

Signature Authority:                                            Date: 8-10-16

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
TDCJ HEALTH SERVICES DIVISION

Returned because:    *Resubmit this form to the unit grievance investigator.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Illegible/Incomprehensible. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 6. Inappropriate. *

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission                    CGO Initials:_____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) _____ Screened    _____ Improperly Submitted

Comments:_____

Date Returned to Offender:_____

2nd Submission                    CGO Initials:_____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) _____ Screened    _____ Improperly Submitted

Comments:_____

Date Returned to Offender:_____

3rd Submission                    CGO Initials:_____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) _____ Screened    _____ Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**I-128 Back** (Revised 9-1-2007)                                            **Appendix G**

Attachment to page 3

Defendant's Continue:

#(6) Neil Turner, TDCJ - CORR - Office V, sued individual and Offical
                                          Capacity.
 Briefy: deliberate indifference to my medical needs and interference
         with the provision of medical treatment, failure to correct.

#(7) Joseph M. Bush, TDCJ - CORR, - Office IV, sued individual and Offical
                                          Capacity.
 Briefy: deliberate indifference to my medical needs and interference
         with the provision of medical treatment, failure to correct.

#(8) Bobby R. Cooper Jr. TDCJ, CORR, Office V, sued in Offical Capacity
                              and individual
 Briefy: deliberate indifference to my medical needs and interference
         with the provision of medical treatment, failure to correct.

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where it did happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On 4-15-16, I, Stevie Wyre was move from P-1-11-B, ground floor only bottom bunk, unassigned medical due to his past neck injury as Chronic Care. Wyre was examined on 6-12-13 by Aurelia Buju as having a work related spine injury and also examined by Dr. Joseph Moxa on 3-6-14 with add restriction to ground floor only and other restriction due to Wyre condition and capability of movement. On 4-19-16, Dr. Hall and N.P. Ms Alvarado knowing Wyre past Medical History of Cervical Spine Laminectomy, deliberately indifference and interference medical treatment, violation of Wyres 8ᵗʰ and 14ᵗʰ Amendment. (See Attachment) and (Exhibit A through D)

VI.  RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

To Reinstated all of Wyres Restrictions under changeable and pay for pain and suffering in this situation.

VII. GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases.

Stevie Wyre  or  Stevie R Wyre

B.  List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

# 1858012

VIII. SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed? _____ YES ✓ NO

B.  If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): _____ N/A

2.  Case number: _____ N/A

3.  Approximate date sanctions were imposed. _____ N/A

4.  Have the sanctions been lifted or otherwise satisfied? _____ YES ✓ NO

Rev. 05/15

Attachment to page 4 of the form:

General and Chronology of Events.'

Beginning at the Gurney Unit on 6-12-13, Aurelia D. Buju examined Stevie Wyre and identified his significant past medical History as having a work related Spine injury from 1995. Listing as his Physical donormalties:

1). Neck Stiffness with decreased Range of motion and his inability to extend his neck.
2). Right arm decreased range of motion with decreased grip and strength.
3). Spine decreased range of motion (SLR Pos?)
4). Right Leg SLR 25%, and
5). Left Leg SLR 50%
and the additional Significant medical history of
A). ORIF Spinal Laminectomy,
B). Lumbar Spine disc herniation,
C). That he had fell one year prior (6-12-12), and
D). Right arm decreased grip and strength.

Dr. Buju's Diagnosis was SLP Cervical Laminectory, and SLP Lumbar Spine injury – and ordered the following restrictions:
A). Lower bunk restriction,
B). No bending at the waist,
C). No repetitive Squatting, and
D). No repetitive use of hands.

Nine months later at Eastham Unit on 3-6-14, Dr. Joseph Moza saw Stevie Wyre for the symptoms of

1). Neck pain,
2). lower back pain, and
3). poor circulation in his feet, and legs.

Dr. Moza's Analysis was: Radiculpathy

Dr. Moza adds a ground floor housing restriction to Stevie's Existing restrictions.

Twenty-five months later at Eastham Unit again on 4-19-16, Dr. Theodore Z. Hill saw Stevie for:

1.

1). SCR C/O Restrictions.
2). Dizzy Spells.
3) Blurred Vision,
4). Neck and back injury
5) Being housed on 3-row
6) Restrictions Says Legs get numb from neck injury
7). blurry vision from Climbing Stairs
8) Claims of past lower back injury.

Dr. Hall's observation was that:

1). There was NO SCAR showing evidence of Lower back surgery
2). That Stevie Wyre was uncooperative and Claimed touching his leg Caused back pain,
3). That Stevie declined to touch his toes,
4) and that a review of Stevies past I-60's should belief that neck injuries Caused legs numbness and pain
5). And that the Same Complaints go back to inception (6-24-13)
6) and that a review of Stevie's chart from 1-21-16 should a bottom bunk Restriction, due to back pain
7). And Stevie's other Restrictions
8) all due to his history of Cervical Laminectomy

Dr. Hall then List the findings of an examination of Stevie on 8-19-14 -

1). No Acute Fractures or dislocation was seen
2). Lumbar spine alignment was maintained
3). Vertebral body heights and disses spaces were preserved and,
4) The soft tissue was unremarkable

Then List the findings of another examination of Stevie on 7-8-13
1). Cervical Spine alignment shows nonspecific straightening and slight reversal of the normal Cervical lordosis
2). No fracture or dislocation was identified
3). that a C3-C5 laminectomy was noted
4) and that mild spondylosis affected the Cervical Spine most premenently at C5/C6 with decreased disc space - Eburnation and Small antierior Osteophytes
5). And nonspecific straightening in the Lumbar spine Alignment
6). No Lumbar spine fractures
7) mild spondylosis most promenently a L5/S1 with decreased disc space
8). and that partial Sacralization of the L5 vertebral body likely Contributes to the disc space Narrowing.

2.

Dr. Hall's Analysis was:

Tinea Corparis
History of Cervical Laminectomy
Personal History of Back pain
Numbness and tingling of legs and Feet.

Dr. Hall then ordered the discontinuation of all of Stevie's
restrictions except his lower bunk restriction, which he ordered to
continue for 90 day, then discontinue.

Prior to Dr. Hall's observation and analysis of Stevie's medical
history and restrictions, Stevie submitted an I-60 and Sick Call on
4-15-16 stating that he had been moved to 3-row on S-Line, in
violation of his medical restriction of bottom row and bunk assignments only.
Restrictions due to neck and back injury that cause him dizzy spells and
blurry vision when climbing stairs and up high.
Conclusion - Dr. Hall removed all restrictions.

(1). Stevie filed an I-60 with classification on 4-20-16 complaining that
Dr. Hall removed his restrictions except bottom bunk. (they did nothing).

(2). Stevie filed a sick call on 4-20-16 due to sharp pain in neck and
back. (scheduled to see provider 4-22-16)

(3). Between 4-20-16 and 4-28-16, Stevie received a job change
from inside med. Squad to field Squad 4.

(4). 4-28-16, Sick Call requesting to see health care provider about
restrictions.
    Reply: He was seen on 4-25-16 and they were addressed.

(5). 4-29-16 Sick Call to address legs and arms getting weak and
numb from neck injury, and heat-exhaustion and high blood pressure
    Reply: Provider conferred with RN Piskin an LVN D. Silman

(6). 5-1-16 I-60 to Dr. Hall about pain from neck injury and working
in the fields after job change.
    Stevie complained to field bosses Bush and Turner who
    told him to file Sick Call.
    Stevie specifically asked for help with his neck pain from
    Dr. Hall.
    Reply: Confered c̄ RN Pitkin /O Silman LVN

(7). 5-2-16 Sick Call about pain on his left side when he walk
and climb from past broken ribs injury
    Reply: Appointment set for same day

(8) 5-3-16, Sick Call filed for help for neck injury pain.
    reply: scheduled with Nursing

(9) 5-4-16 I-60 / Sick Call asking Dr. Hall why his restriction
were removed?

Reply: Seen by provider 5-13-16 and 5-14-16

(10). 5-5-16, -I-60 to Warden Allen Complaining of dizzy spell and blacking out and falling on 5-5-16 at 10 A.M.
And being assigned to the field with high blood presure and on medication and neck injury
Reply: Stevie was incorrect because he did not have restriction and his high b-P medication was not field Sg. Restricted.

(11). 5-8-16, I-60 /Sick Call to medical Records
Reply: Scheduled.

(12). 6-11-16, I-60 to Mark Robert (medical) asking why Dr. Hall Removed his restrictions.
Stevie pointed out that Dr. Beju diagnosed him at Gurney Unit on 6-12-13 and due to his Spinal Laminectomy ordered those restrictions and Dr. Moza Affirmed the Same at Eastham 25 months later on 3-6-14 and that Stevie saw Dr. Hall on 6-3-16 about heat Rash and he said to see a different doctor and prescribed no meds.
Reply: Will be scheduled !!

(13). 6-11-16, Sick Call for heat Rash from the heat on 3-Row and no the fields.
Reply: Appointment Scheduled.

(14) 6-11-16, Sick Call for neck and back pain from getting down off the work trailer on 6-10-16

(15). 6-14-16, Job Change to Main Hall SSI

(16). 6-15-16, I-60 to Mark Robert in Medical Stating his fear of Further injury if he is not Re-Assigned back to unassign Medical Squad and his restriction Re-instated and stated severe pain in legs and feet from Nerve damage, and request the meds that were ordered for him.
Reply: Seen by provider and file Shows no Change to restrictions

(17). 6-15-16, Step-#1 filed status that
A). he had pre-existing medical issues due to an on the Job Accident.
B). And that he had medical restriction on Job, Row and bunk Assignments as well severe limitations on neck, back, Arms, Legs and toreso movement.
C). And that all the medical Restrictions had been ordered by two different doctors in the Past
D). And that his injuries cause his Arms and legs to be weak and numb and that is why he was Restricted to the bottom row and bunk.
E). Stevie stated Dr. Hall took his restriction for no Reason and with no explaination.
F). Stevie also stated that he filed sick Calls on 4-20-16 and 4-22-16, due to pain in his neck from Climbing the Stairs to 3 row, and blood presure

4.

(G). And that Ms. Alvorado hit his neck. She hit him to test for pain and his reaction.

(H). Stevie also stated that he filed an I-60 to Ms. Jones with Classification Complaining that his Restriction were Removed and She replied that he was bottom bunk only

(I) Stevie Also Complained on 4-28-16 - he was forced to turn out to a new Job Assignment on the field Force or get a Case and Subsequent punishment.

J). And that he was Forced to turn out and work in the Field the following day on 4-29-16 while Suffering pain in his Neck and back from working in the field the previous day.

K). And that Both Field ~~boss~~ bosses, Bush And Turner told him to put in a Sick Call because they Could not do Anything to help.

L). The Stevie Closed his Step-1 Grievance with a plea for help because his Neck was hurting was hurting every day from the housing and work changes due to the Removable of his medical Restrictions

Grievance Response:
Was that his Complaint about his Restrictions was Addressed by medical Staff on 4-19-16 4-25-16 and 5-03-16 and that the provider has authority to change treatment even through Stevie disagreed And that Ms. Alvarado denied his Allegations of hitting him in the Neck and therefore, there was no evidence to Support his Allegations and thus his Grievance was unsubstantiated.

Stevie's Step "1 was Returned on 6-15-16

18). Stevie filed Step "2 Grievance on 6-18-16 and Rebutted the presumption that there was no evidence to his Allegations in his Step-1, stating that on:
A). 6-14-16, He Saw Ms. Alvarado for Severe Neck pain from Riding on And getting off the trailer he had to Ride to the fields And working in the fields on 6-10-16
B). And that she discussed his previous medical Restrictions And their Removeable

5.

C). His previous neck injuries and subsequant surgeries.

D). And that was the day she ordered 800mg Ibuprofen for his pain and Shampoo for heat rash.

E). And that he saw Dr. Hall on 4-19-16 at 11:08 am. About having dizzy spells, blurred vision, and neck pain aggravating his neck injury from his restrictions being removed and the changes it caused.

F). And that Dr. Hall's report, indicated he was looking for back surgery scars, when, he was supposed to be looking for neck injury scars from neck surgery as Stevie's medical records indicated.

G). And that Dr. Hall removed All Stevie's medical restrictions after looking for the wrong injuries and ignoring the existing ones.

H). Stevie also made known he had been paralyzed for a year and 9 months while his spine was fused together after his work related accident.

I). And that he feared further injury, if not relieved from his work assignments and his medical restriction re-instated.

Step-2 Grievance Response was that

A). Stevie was evaluated by Dr. Hall and Ms. Alvarado, NP, who both determined that his medical restrictions were not necessary any longer.

B). Even though Ms. Alvarado prescribed pain relievee on 6-14-16.

C) and even though Dr. Hall added a lower bunk restriction for 90 days on 7-29-16.

Stevie Contend:
- Dr. Hall did not see him on 7-29-16, He saw him on 4-19-16.
- And He did add a lower bunk restriction, He continued Stevie's existing lower bunk restriction for 90 more days from the 4-19-116 and then discontinued it.
- And terminated All of Stevie's other medical restrictions on 4-19-16.

D) the Grievance Response stated that Ms. Alvarado, NP, denied hitting Stevie in the neck.
But indicated she did preform a muscuoskeletal evaluation.

6.

E). The Response stated of the step-2-that an offender's condition may change and opinions may differ among health care professionals

- And that an offenders HSM-18 may be reviewed and revised at thier discreetion.
- And that an offenders HSM-18 review with appropriate updating is required whenever there is significant change in the offender's medical or mental status. "Correctional Managed Health Care Policy 2.01"

Stevie Wyre contend that his medical condition has not change to justify a change in treatment - or must change to justify a change in treatment - Especially Safety measure to prevent for injuries and pain - Especially when there have been no significant change in his medical condition because Stevie Wyre neck injury is permeanent.
- And since their opinion and removal of his injury prevention medical restriction is the only significant change in his condition and its causing him endless pain and further risk of re-injuring his neck.

(1) The fact that Dr. Aurelia Buju confirmed his neck injury and documented all his phyical limitations and order future injury and pain prevention safety measure in the form of his medical restrictoin.

(2) The fact that Dr. Joseph Mloza agreed with those safty measure and add a ground floor (only) restriction to his existing restriction

(3) The fact that these safety measure were in place for 25 months with no significate change of Wyre's neck injury, then Dr. Hall removed all Wyre's restriction as if clyne's neck injury did not existed. at all and the UTMB'staff and TDCJ offices could have correeted the removal.

7.

6/12/13

**Correctional Managed Care**
**REPORT OF PHYSICAL EXAM**

**Patient Name:** WYRE, STEVIE   **TDCJ#:** 1858012   **Date:** 06/12/2013 12:38   **Facility:** GURNEY (ND)
**If any component of the physical exam is refused, a refusal form must be completed.**

| Refusal Signed: | | Yes | | No |
|---|---|---|---|---|

**Diagnoses:**  s/p cervical Laminectomy;s/p lumbar spine injury
**Restrictions:**  II B 2, III 11,10, , 16
**Orders:**

scr advised for problems not addressed in intake physical exam current medically indicated restrictions based on exam and medical history are listed above pt identified no medical problems when asked during intake i

**Procedures Ordered:**

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|---|---|---|---|---|
| 6/12/2013 12:49PM | MED3-EXTENDED OFFICE VISIT (F) | physical examination | | |

Electronically Signed by BUJU, AURELIA D. NP on 06/12/2013.
##And No Others##

*Exhibit A-1*

*6/12/13*

*Exhibit A-2*

**Correctional Managed Care**
**REPORT OF PHYSICAL EXAM**

**Patient Name:** WYRE, STEVIE   **TDCJ#:** 1858012   **Date:** 06/12/2013 12:38   **Facility:** GURNEY (ND)
**Age:** 42 year **DOB:** 02/01/1971 **Race:** B **Sex:** male
**Most recent vitals from :** BP: ; Wt: ; Height: ; Pulse: ; Resp: ; Temp: BMI:
**Allergies:** NO KNOWN ALLERGIES

| Patient Language:  ENGLISH   Name of interpreter, if required: |
|---|

**Current Medications**: none

**Chief Complaint and Notes: NO COMPLAINTS**
**Significant Past Medical History:**   cervical spine injury work related  1995 with ORIF/spinal Laminectomy;
Lumbar spine disc herniation/fell one y ago , R arm decreased grip and strength

| REMARKS (Vision & Hearing) |
|---|
|  |

| CLINICAL EVALUATION | NL | AbNL | COMMENTS |
|---|---|---|---|
| Head And Neck |  | x | Neck stiffness/decreased rom;not able to extend it |
| Eyes | x |  |  |
| Ent | X |  |  |
| Dental |  |  |  |
| Chest, Breast | X |  |  |
| Cardiovascular | X |  |  |
| Hemopoietic/ Lymphatic | X |  |  |
| Abdomen | X |  |  |
| Gastrointestinal | X |  |  |
| Endocrine/ Metabolic | X |  |  |
| Nutritional | X |  |  |
| Upper Extremities |  | x | R arm decreased rom/decreased grip and strength |
| Spine |  | x | Decreased rom; SLR pos |
| Lower Extremities |  | x | R leg SLR 25%;L leg SLR 50% |
| Skin | x |  |  |
| Rectal |  |  |  |
| FOBT Fecal Occult Blood Test |  |  |  |
| GU Genitourinary |  |  |  |
| Neuro | x |  |  |
| Ob-Gyn (Pelvic) |  |  |  |

REMARKS:

|  | | P | U | L | H | E | S |
|---|---|---|---|---|---|---|---|
| Designators | | 2 | 2 | 2 | 2 | 1 |  |
| Codes | | b | b | b | b | a |  |
| Modifiers | | p | p | p | p |  |  |

**HSM-4 (Rev. 5/05)**

TWI7336 /NDV3/HS04

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**HEALTH SUMMARY FOR CLASSIFICATION**

13:50:50
06/12/2013

NAME: WYRE,STEVIE
TDCJ#: 01858012   SID#: 50290581
UNIT: ND       HOUSING: B2-007B

DOB: 02/01/1971
WGT: 180 LBS
HGT: 6'02"

P U L H E S
-----------
|2|2|2|2|1|1|

|B|B|B|B|A|A|

|P|P|P|P| | |
-----------

JOB: TRANSIENT PEND DIAG PROCESSING

*Exhibit A-3*

I.  FACILITY ASSIGNMENT (CHECK ONE)
X  A. NO RESTRICTION
__  B. BARRIER-FREE FACILITY
__  C. SINGLE LEVEL FACILITY
   D. SUITABLE FOR TRUSTEE CAMP?   X YES__NO

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)
X  1. NO RESTRICTION
__  2. SINGLE CELL ONLY
__  3. SPECIAL HOUSING (HOUSING WITH
      LIKE MEDICAL CONDITION
__  4. CELL BLOCK ONLY
C. ROW ASSIGNMENT (CHECK ONE)
X  1. NO RESTRICTION
__  2. GROUND FLOOR ONLY

   B. BUNK ASSIGNMENT (CHECK ONE)
__  1. NO RESTRICTION
00  2. LOWER ONLY

__  5. EXTENDED MEDICAL HOURS

   D. WHEELCHAIR USE (CHECK ONE)
__  1. NO RESTRICTION
__  2. PHOP ORDERED
__  3. UTILITY USE

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__  1. MEDICALLY UNASSIGNED
__  2. PSYCHIATRICALLY UNASSIGNED
__  3. SEDENTARY WORK ONLY
__  4. FOUR HOUR WORK RESTRICTION
__  6. EXCUSE FROM SCHOOL
__  7. LIMITED STANDING
__  8. NO WALKING > ___ YARDS
__  9. NO LIFTING > ___ LBS.
00 10. NO BENDING AT WAIST
00 11. NO REPETITIVE SQUATTING
__ 12. NO CLIMBING

__ 13. LIMITED SITTING
__ 14. NO REACHING OVER SHOULDER

__ 15. NO FOOD SERVICE
00 16. NO REPETITIVE USE OF HANDS
__ 17. NO WALK WET/UNEVEN SURFACES
__ 18. DO NOT ASSIGN TO MEDICAL
__ 19. NO WORK IN DIRECT SUNLIGHT
__ 20. NO TEMPERATURE EXTREMES
__ 21. NO HUMIDITY EXTREMES
__ 22. NO EXPOSURE TO ENVIRONMENT POLLUTANTS
__ 23. NO WORK WITH CHEMICALS OR IRRITANTS
__ 24. NO WORK REQUIRING SAFETY BOOTS
__ 25. NO WORK AROUND MACHINE WITH MOVING PART

__ 26. NO WORK EXPOSURE TO LOUD NOISES

IV. DISCIPLINARY PROCESS (CHECK ONE)
X  A. NO RESTRICTIONS
__  B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__  C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X  A. NO RESTRICTION      __ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__  B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X  A. NO RESTRICTION      __ C. WHEELCHAIR VAN
__  B. EMS AMBULANCE      __ D. MULTI-PATIENT VEHICLE(MPV)

A BUJU-NEW          NP      06/12/2013   _____
PRINTED NAME AND TITLE OF REVIEWER   DATE        SIGNATURE OF REVIEWER

**CORRECTIONAL MANAGED CARE**
**CLINIC NOTES**

**Patient Name:** WYRE, STEVIE     **TDCJ#:** 1858012     **Date:** 03/06/2014 14:13   **Facility:** EASTHAM (EA)

Electronically Signed by MOZA, JOSEPH M.D. on 03/06/2014.
##And No Others##

*Exhibit B-1*

*3/6/14*

## CORRECTIONAL MANAGED CARE
## CLINIC NOTES

**Patient Name:** WYRE, STEVIE     **TDCJ#:** 1858012     **Date:** 03/06/2014 14:13   **Facility:** EASTHAM (EA)
**Age:** 43 year   **Race:** B   **Sex:** male
**Most recent vitals from 3/6/2014:** BP: 131 / 77 (Sitting) ; Wt: 180 Lbs.; Height: 73 In.; Pulse: 83 (Sitting) ; Resp: 18 / min;
Temp: 97.5 (Oral)  BMI: 24

*CURRENT* PEAK FLOWS:  PF 1: ;  PF 2: ;  PF 3:
*PRIOR* PEAK FLOWS:  PF1 : ; PF 2: ; PF 3:
**Allergies:** NO KNOWN ALLERGIES

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

Current Medications:

**Today's Problem:**
03/06/2014 14:13
S:      Has Neck pain, lower back, poor circ in his feet, and legs

O:

A:      Radiculopathy

*Exhibit -B-2*

**Plan is as follows:**

ADD Ground floor to the restrictions

Started Meds:
      IBUPROFEN 800MG TABLET   17042790        03/06/2014 14:25
      1 TABS ORAL BID PRN KOP
      FINAL EXP. DATE: 6/04/2014 02:25:00PM        REFILLS: 2     DURATION: 30 Days

Procedures Ordered:

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|---|---|---|---|---|
| 3/6/2014 02:25PM | MED2-INTERMEDIATE OFFICE VISIT (F)) | backache | | |

1 of 2

Scanned by COODY, CAROL D, CCA in facility EASTHAM (EA) on 03/07/2014 08:24

ETU6531 /EAB8/HS04      TEXAS DEPARTMENT OF CRIMINAL JUSTICE        16:09.00   3/6/14
                        HEALTH SUMMARY FOR CLASSIFICATION           03/06/2014

NAME. WYRE,STEVIE                    DOB: 02/01/1971      P U L H E S
TDCJ# 01858012   SID#: 50290581      WGT: 172 LBS
UNIT. EA         HOUSING· O-3-21B    HGT: 6'02"
JOB. I/S MEDICAL SQ 02

| 2 | 2 | 2 | 2 | 1 | 1 |
| B | B | B | B | A | A |
| P | P | P | P |   |   |

I.   FACILITY ASSIGNMENT (CHECK ONE)
X  A. NO RESTRICTION
__ B. BARRIER-FREE FACILITY
__ C. SINGLE LEVEL FACILITY
__ D. SUITABLE FOR TRUSTEE CAMP?   X YES __NO

II  HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)                 B. BUNK ASSIGNMENT (CHECK ONE)
X  1  NO RESTRICTION                         __ 1. NO RESTRICTION
__ 2. SINGLE CELL ONLY                       00 2. LOWER ONLY
__ 3  SPECIAL HOUSING (HOUSING WITH
      LIKE MEDICAL CONDITION                 __ 5. EXTENDED MEDICAL HOURS
__ 4  CELL BLOCK ONLY
C  ROW ASSIGNMENT (CHECK ONE)                   D. WHEELCHAIR USE (CHECK ONE)
__ 1. NO RESTRICTION                         __ 1. NO RESTRICTION
00 2. GROUND FLOOR ONLY                       __ 2. PHOP ORDERED
                                             __ 3. UTILITY USE

                                                            Exhibit B-3

III.WORK ASSIGNMENT/RESTRICTIONS  (CHECK ALL THAT APPLY)
__ 1. MEDICALLY UNASSIGNED        __ 15.NO FOOD SERVICE
__ 2. PSYCHIATRICALLY UNASSIGNED  00 16 NO REPETITIVE USE OF HANDS
__ 3. SEDENTARY WORK ONLY         __ 17.NO WALK WET/UNEVEN SURFACES
__ 4. FOUR HOUR WORK RESTRICTION  __ 18.DO NOT ASSIGN TO MEDICAL
__ 6  EXCUSE FROM SCHOOL          __ 19.NO WORK IN DIRECT SUNLIGHT
__ 7  LIMITED STANDING            __ 20.NO TEMPERATURE EXTREMES
__ 8. NO WALKING > ___ YARDS      __ 21.NO HUMIDITY EXTREMES
__ 9. NO LIFTING > ___ LBS.       __ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
00 10 NO BENDING AT WAIST         __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
00 11 NO REPETITIVE SQUATTING     __ 24.NO WORK REQUIRING SAFETY BOOTS
__ 12 NO CLIMBING                 __ 25.NO WORK AROUND MACHINE WITH MOVING PART
__ 13 LIMITED SITTING             __ 26.NO WORK EXPOSURE TO LOUD NOISES
__ 14.NO REACHING OVER SHOULDER

IV. DISCIPLINARY PROCESS (CHECK ONE)
X  A. NO RESTRICTIONS
__ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V   INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X  A  NO RESTRICTION          C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__ B. MEDICAL REPRESENTATIVE REQUIRED

VI  TRANSPORTATION RESTRICTIONS (CHECK ONE)
X  A. NO RESTRICTION          __ C. WHEELCHAIR VAN
__ B. EMS AMBULANCE           __ D. MULTI-PATIENT VEHICLE(MPV)

MOZA              MD          03/06/2014   _____
PRINTED NAME AND TITLE OF REVIEWER    DATE        SIGNATURE OF REVIEWER

4/19/16

## CORRECTIONAL MANAGED CARE
## CLINIC NOTES

**Patient Name:** WYRE, STEVIE   **TDCJ#:** 1858012   **Date:** 04/19/2016 11:08   **Facility:** EASTHAM (EA)

P:   Clerical: Discontinue restrictions other than lower bunk and set that at 90days then discontinue.

Procedures Ordered:

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|---|---|---|---|---|
| 4/19/2016 01:45PM | PROVIDER3-EXTENDED OFFICE VISIT (F) | medical exam w/o abnormal findings, for general adult | | |

Electronically Signed by HALL, THEODORE R. M.D. on 04/19/2016.
##And No Others##

Exhibit C-1

*4/19/16*

## CORRECTIONAL MANAGED CARE
## CLINIC NOTES

**Patient Name:** WYRE, STEVIE   **TDCJ#:** 1858012   **Date:** 04/19/2016 11:08   **Facility:** EASTHAM (EA)
**Age:** 45 year   **Race:** B   **Sex:** male
**Most recent vitals from 4/19/2016:** BP: 153 / 83 (Sitting) ; Wt: 192 Lbs.; Height: 73 In.; Pulse: 79 (Sitting) ; Resp: 18 / min; Temp: 98.1 (Oral)  BMI: 25
**DOI:** 6/6/2013
*CURRENT* PEAK FLOWS: PF 1: ;  PF 2: ;  PF 3:
*PRIOR* PEAK FLOWS: PF1 : ; PF 2: ; PF 3:
**Allergies:** NO KNOWN ALLERGIES

*Exhibit C-2*

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

Current Medications:

| **30D-IBUPROFEN 800MG TABLET** | ORDERING FACILITY: EASTHAM (EA) | LAST DATE GIVEN KOP: 03/30/2016 03:45:34AM |
|---|---|---|
| 1 TABS ORAL TWICE DAILY for 30 Days KOP   As Needed (PRN) | ORDERING PROVIDER: OLUSANYA, JOHNSON O | REFILLS: 1 / 2 |
| #30 - 1 CARD TO LAST 30 DAYS. | | EXPIRATION DATE: 5/29/2016 02:36:00PM |

**Today's Problem:**    SCR C/O RESTRICTIONS, DIZZY SPELLS, BLURRED VISION, NECK/BACK INJURY
**4/19/2016**

S:    c/o being on three row, restrictions says legs get numb from neck injury. When goes up steps gets blurry vision. Claims had lower back surgery. Last week put in sick call for heat rashes. Missed layin.

O:    There is no scar or other finding consistent with having had back surgery as represented. In addition, uncooperative with examination and claims touching the leg is causing 'ooh' back pain. Declined toe touch. Reviewed I-60s is of the belief that neck injuries cause leg numbness and pain. Same complaints go back to inception 06/24/2013

01/21/2016 Chart review regarding HSM18. Pt has bottom row restriction d/t back pain. XRay showed mild OA to cervical spine and nothing remarkable to lumbar spine. Clerical: HSM18 update: dc bottom row restriction.
02/29/2016 Refill ibuprofen

Currently lower bunk, no bending at waist, and no repetitive squatting and no repetitive use of hands. History of cervical laminectomy.

| DATE OF EXAM: 8/19/2014 |
|---|
| EXAM: SPINE, LUMBAR, 3 VIEWSHISTORY: Male 43 years low back pain x 1 YEAR |
| COMPARISON: None FINDINGS: No acute fracture or dislocation is seen. The lumbar spine alignment is maintained. The vertebral body heights and disc spaces are preserved. The soft tissues unremarkable. |
| DATE OF EXAM: 7/8/2013 |
| CERVICAL SPINE, 4 VIEWS; LUMBAR SPINE, 3 VIEWS |
| HISTORY: 42-year-old male, neck surgery - chronic pain |
| COMPARISON: None. FINDINGS: CERVICAL SPINE, 4 VIEWS: The cervical spine alignment shows nonspecific straightening and slight reversal of the normal cervical lordosis. No fracture or dislocation is identified. A C3-C5 laminectomy is noted. Mild spondylosis affects the cervical spine, most prominently at C5/C6 with decreased disc space, eburnation, and small anterior osteophytes. |
| LUMBAR SPINE, 3 VIEWS: |
| The lumbar spine alignment shows nonspecific straightening. No fracture is identified. Mild spondylosis is present, most prominently at L5/S1 with decreased disc space, though partial sacralization of the L5 vertebral body likely contributes to the disc space narrowing as well. |

Ground floor added to SfC 03/06/2014

A:    Tinea Corporis
History of Cervical Laminectomy
Personal History of Back Pain with statements of numbness and tingling of the legs and feet

1 of 2

C:\users\cdicicide\local_settings\temp\284218765.tif printed by nivan2(Page1 of 1)
Scanned by COODY, CAROL D. CCA in facility EASTHAM (EA) on 04/19/2016 15:54

4/19/16

MN00014 /EAB7/HS04     TEXAS DEPARTMENT OF CRIMINAL JUSTICE     13.51.09
               HEALTH SUMMARY FOR CLASSIFICATION     04/19/2016

```
NAME  WYRE,STEVIE                    DOB. 02/01/1971      P U L H E S
TDCJ# 01858012  SID#: 50290581       WGT. 196 LBS        -------------
UNIT EA         HOUSING  S-3-20B     HGT: 6'02"          |2|2|2|2|1|1|
JOB. I/S MEDICAL SQ 02                                   |B|B|B|B|A|A|
                                                         |P|P|P| | |A|
                                                        -------------
```

I.  FACILITY ASSIGNMENT (CHECK ONE)
X  A. NO RESTRICTION
__ B  BARRIER-FREE FACILITY
__ C. SINGLE LEVEL FACILITY
D  SUITABLE FOR TRUSTEE CAMP?   X YES__ NO

*Exhibit C-3*

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)        B  BUNK ASSIGNMENT (CHECK ONE)
X  1. NO RESTRICTION              __ 1  NO RESTRICTION
__ 2. SINGLE CELL ONLY            90 2. LOWER ONLY
__ 3. SPECIAL HOUSING (HOUSING WITH
       LIKE MEDICAL CONDITION       __ 5. M EXT HRS
__ 4  CELL BLOCK ONLY            __ 6  EXTENDED HOURS INSULIN
C  ROW ASSIGNMENT (CHECK ONE)     D. WHEELCHAIR USE (CHECK ONE)
X  1. NO RESTRICTION              __ 1. NO RESTRICTION
__ 2  GROUND FLOOR ONLY          __ 2. PHOP ORDERED
                              __ 3  UTILITY USE

III WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__ 1. MEDICALLY UNASSIGNED       15.NO FOOD SERVICE
__ 2. PSYCHIATRICALLY UNASSIGNED   __ 16 NO REPETITIVE USE OF HANDS
__ 3  SEDENTARY WORK ONLY       __ 17.NO WALK WET/UNEVEN SURFACES
__ 4  FOUR HOUR WORK RESTRICTION   __ 18.DO NOT ASSIGN TO MEDICAL
__ 6. EXCUSE FROM SCHOOL        __ 19.NO WORK IN DIRECT SUNLIGHT
__ 7. LIMITED STANDING          __ 20 NO TEMPERATURE EXTREMES
__ 8. NO WALKING > ___ YARDS     __ 21.NO HUMIDITY EXTREMES
__ 9. NO LIFTING > ___ LBS.      __ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
__ 10.NO BENDING AT WAIST       __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
__ 11 NO REPETITIVE SQUATTING    __ 24.NO WORK REQUIRING SAFETY BOOTS
__ 12.NO CLIMBING             __ 25.NO WORK AROUND MACHINE WITH MOVING PART
__ 13 LIMITED SITTING         __ 26 NO WORK EXPOSURE TO LOUD NOISES
__ 14.NO REACHING OVER SHOULDER

IV. DISCIPLINARY PROCESS (CHECK ONE)
X  A. NO RESTRICTIONS
__ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X  A  NO RESTRICTION          __ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__ B. MEDICAL REPRESENTATIVE REQUIRED

VI  TRANSPORTATION RESTRICTIONS (CHECK ONE)
X  A  NO RESTRICTION   __ C. WHEELCHAIR VAN   __ E. VAN
__ B  EMS AMBULANCE    __ D. MULTI-PATIENT VEHICLE(MPV)

HALL           MD      04/19/2016
PRINTED NAME AND TITLE OF REVIEWER    DATE      SIGNATURE OF REVIEWER

MN00014 /EAB7/HS04  TEXAS DEPARTMENT OF CRIMINAL JUSTICE  09:00:18
        HEALTH SUMMARY FOR CLASSIFICATION  05/04/2016  5/4/16

NAME: WYRE,STEVIE      DOB: 02/01/1971  P U L H E S
TDCJ#: 01858012 SID#: 50290581 WGT: 188 LBS
UNIT: EA   HOUSING: S-3-20B HGT: 6'02"
JOB: FIELD SQUAD 04

| 2 | 2 | 2 | 2 | 1 | 1 |
|---|---|---|---|---|---|
| B | B | B | B | A | A |
| P | P | P | P |   |   |

I.  FACILITY ASSIGNMENT (CHECK ONE)
X  A. NO RESTRICTION
__ B. BARRIER-FREE FACILITY
__ C. SINGLE LEVEL FACILITY
__ D. SUITABLE FOR TRUSTEE CAMP? __YESX NO

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)   B. BUNK ASSIGNMENT (CHECK ONE)  *Exhibit C-4*
X  1. NO RESTRICTION     X  1. NO RESTRICTION
__ 2. SINGLE CELL ONLY     __ 2. LOWER ONLY
__ 3. SPECIAL HOUSING (HOUSING WITH
   LIKE MEDICAL CONDITION    __ 5. M EXT HRS
__ 4. CELL BLOCK ONLY      __ 6. EXTENDED HOURS INSULIN
C. ROW ASSIGNMENT (CHECK ONE)   D. WHEELCHAIR USE (CHECK ONE)
X  1. NO RESTRICTION     __ 1. NO RESTRICTION
__ 2. GROUND FLOOR ONLY     __ 2. PHOP ORDERED
             __ 3. UTILITY USE

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__ 1. MEDICALLY UNASSIGNED   __ 15.NO FOOD SERVICE
__ 2. PSYCHIATRICALLY UNASSIGNED __ 16.NO REPETITIVE USE OF HANDS
__ 3. SEDENTARY WORK ONLY   __ 17.NO WALK WET/UNEVEN SURFACES
__ 4. FOUR HOUR WORK RESTRICTION __ 18.DO NOT ASSIGN TO MEDICAL
__ 6. EXCUSE FROM SCHOOL    __ 19.NO WORK IN DIRECT SUNLIGHT
__ 7. LIMITED STANDING     __ 20.NO TEMPERATURE EXTREMES
__ 8. NO WALKING > ___ YARDS  __ 21.NO HUMIDITY EXTREMES
__ 9. NO LIFTING > ___ LBS.   __ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
__ 10.NO BENDING AT WAIST    __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
__ 11.NO REPETITIVE SQUATTING  __ 24.NO WORK REQUIRING SAFETY BOOTS
__ 12.NO CLIMBING      __ 25.NO WORK AROUND MACHINE WITH MOVING PART
__ 13.LIMITED SITTING     __ 26.NO WORK EXPOSURE TO LOUD NOISES
__ 14.NO REACHING OVER SHOULDER

IV. DISCIPLINARY PROCESS (CHECK ONE)
X  A. NO RESTRICTIONS
__ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X  A. NO RESTRICTION    __ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X  A. NO RESTRICTION __ C. WHEELCHAIR VAN __ E. VAN
__ B. EMS AMBULANCE __ D. MULTI-PATIENT VEHICLE(MPV)

HALL    MD   05/04/2016 _____
PRINTED NAME AND TITLE OF REVIEWER  DATE   SIGNATURE OF REVIEWER

MN00014 /EAB7/HS04

8-1-16

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
HEALTH SUMMARY FOR CLASSIFICATION

15:39:18
08/01/2016

NAME: WYRE,STEVIE
TDCJ#: 01858012   SID#: 50290581
UNIT: EA      HOUSING: S-3-20T
JOB: JANITOR MAIN HALL NO 1ST

DOB: 02/01/1971
WGT: 194 LBS
HGT: 6'02"

P U L H E S
-----------
| 2 | 2 | 2 | 2 | 1 | 1 |
| B | B | B | B | A | A |
| P | P | P | P |   |   |
-----------

Exhibit C-5

I.  FACILITY ASSIGNMENT (CHECK ONE)
X  A. NO RESTRICTION
__ B. BARRIER-FREE FACILITY
__ C. SINGLE LEVEL FACILITY
__ D. SUITABLE FOR TRUSTEE CAMP?  __YESX NO

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)
X  1. NO RESTRICTION
__ 2. SINGLE CELL ONLY
__ 3. SPECIAL HOUSING (HOUSING WITH
        LIKE MEDICAL CONDITION
__ 4. CELL BLOCK ONLY
C. ROW ASSIGNMENT (CHECK ONE)
X  1. NO RESTRICTION
__ 2. GROUND FLOOR ONLY

B. BUNK ASSIGNMENT (CHECK ONE)
__ 1. NO RESTRICTION
90 2. LOWER ONLY

__ 5. M EXT HRS
__ 6. EXTENDED HOURS INSULIN
   D. WHEELCHAIR USE (CHECK ONE)
__ 1. NO RESTRICTION
__ 2. PHOP ORDERED
__ 3. UTILITY USE

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__ 1. MEDICALLY UNASSIGNED
__ 2. PSYCHIATRICALLY UNASSIGNED
__ 3. SEDENTARY WORK ONLY
__ 4. FOUR HOUR WORK RESTRICTION
__ 6. EXCUSE FROM SCHOOL
__ 7. LIMITED STANDING
__ 8. NO WALKING > ___ YARDS
__ 9. NO LIFTING > ___ LBS.
__ 10.NO BENDING AT WAIST
__ 11.NO REPETITIVE SQUATTING
__ 12.NO CLIMBING
__ 13.LIMITED SITTING
__ 14.NO REACHING OVER SHOULDER
__ 15.NO FOOD SERVICE
__ 16.NO REPETITIVE USE OF HANDS
__ 17.NO WALK WET/UNEVEN SURFACES
__ 18.DO NOT ASSIGN TO MEDICAL
__ 19.NO WORK IN DIRECT SUNLIGHT
__ 20.NO TEMPERATURE EXTREMES
__ 21.NO HUMIDITY EXTREMES
__ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
__ 23.NO WORK WITH CHEMICALS OR IRRITANTS
__ 24.NO WORK REQUIRING SAFETY BOOTS
__ 25.NO WORK AROUND MACHINE WITH MOVING PART
__ 26.NO WORK EXPOSURE TO LOUD NOISES

IV. DISCIPLINARY PROCESS (CHECK ONE)
X  A. NO RESTRICTIONS
__ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X  A. NO RESTRICTION      __ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X  A. NO RESTRICTION  __ C. WHEELCHAIR VAN  __ E. VAN
__ B. EMS AMBULANCE  __ D. MULTI-PATIENT VEHICLE(MPV)

HALL            MD        08/01/2016    _____
PRINTED NAME AND TITLE OF REVIEWER   DATE       SIGNATURE OF REVIEWER

MN00014 /EAB7/HS04        TEXAS [    ] T OF CRIMINAL JUSTICE           11:53:30
                         HEALT [    ] Y FOR CLASSIFICATION            10/31/2016

NAME: WYRE,STEVIE                    DOB: 02/01/1971      P U L H E S
TDCJ#: 01858012   SID#: 50290581     WGT: 194 LBS        -----------
UNIT: EA          HOUSING: S-3-?0    HGT: 6'02"          |2|2|2|2|1|1|
JOB: JANITOR MAIN HALL NO 1ST                            |B|B|B|B|A|A|
                                                         |P|P|P|P| | |
                                                        -----------

**Exhibit C-6**

I.  FACILITY ASSIGNMENT (CHECK ONE)
X A. NO RESTRICTION
__ B. BARRIER-FREE FACILITY
__ C. SINGLE LEVEL FACILITY
__ D. SUITABLE FOR TRUSTEE CAMP?    __YESX NO

II.  HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)              B. BUNK ASSIGNMENT (CHECK ONE)
X 1. NO RESTRICTION                     X 1. NO RESTRICTION
__ 2. SINGLE CELL ONLY                  __ 2. LOWER ONLY
__ 3. SPECIAL HOUSING (HOUSING WITH
       LIKE MEDICAL CONDITION           __ 5. M EXT HRS
__ 4. CELL BLOCK ONLY                   __ 6. EXTENDED HOURS INSULIN
C. ROW ASSIGNMENT (CHECK ONE)             D. WHEELCHAIR USE (CHECK ONE)
X 1. NO RESTRICTION                     __ 1. NO RESTRICTION
__ 2. GROUND FLOOR ONLY                 __ 2. PHOP ORDERED
                                        __ 3. UTILITY USE

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__  1. MEDICALLY UNASSIGNED          __ 15.NO FOOD SERVICE
__  2. PSYCHIATRICALLY UNASSIGNED    __ 16.NO REPETITIVE USE OF HANDS
__  3. SEDENTARY WORK ONLY           __ 17.NO WALK WET/UNEVEN SURFACES
__  4. FOUR HOUR WORK RESTRICTION    __ 18.DO NOT ASSIGN TO MEDICAL
__  5. EXCUSE FROM SCHOOL            __ 19.NO WORK IN DIRECT SUNLIGHT
__  7. LIMITED STANDING              __ 20.NO TEMPERATURE EXTREMES
__  8. NO WALKING > ___ YARDS        __ 21.NO HUMIDITY EXTREMES
__  9. NO LIFTING > ___ LBS.         __ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
__ 10.NO BENDING AT WAIST            __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
__ 11.NO REPETITIVE SQUATTING        __ 24.NO WORK REQUIRING SAFETY BOOTS
__ 12.NO CLIMBING                    __ 25.NO WORK AROUND MACHINE WITH MOVING PART
__ 13.LIMITED SITTING                __ 26.NO WORK EXPOSURE TO LOUD NOISES
__ 14.NO REACHING OVER SHOULDER

IV.  DISCIPLINARY PROCESS (CHECK ONE)
X A. NO RESTRICTIONS
__ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X A. NO RESTRICTION              __ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X A. NO RESTRICTION  __ C. WHEELCHAIR VAN  __ E. VAN
__ B. EMS AMBULANCE  __ D. MULTI-PATIENT VEHICLE(MPV)

HALL              MD        10/31/2016    _____
PRINTED NAME AND TITLE OF REVIEWER    DATE        SIGNATURE OF REVIEWER

*Exhibit D - 1*

**Correctional Managed Care**
**RADIOLOGY REPORT**

**Date Transcribed:** 12/12/2016 11:10

**Patient Name:** WYRE, STEVIE   **TDCJ#:** 1858012   **Date:** 12/12/2016 11:10   **Age:** 45 year   **Race:** B
**Sex:** male **DOB:** 02/01/1971
**Patient's Facility:** EASTHAM (EA)   **Typist Name:** LANE, NINA G.

# Department of Radiology
**The University of Texas Medical Branch Hospitals**
**Galveston, TX 77555**
**Phone: (409) 747-7000**
**Fax: (409) 747-2850**
**PATIENT:** Wyre, Stevie
**DATE OF BIRTH:** 02/01/1971
**DATE OF EXAM:** 12/12/2016 8:38:00 AM
**PATIENT #:** 1858012
**EXAM ID #:** 7758000
**REFERRING PHYSICIAN:**
THEODORE R HALL
Eastham Unit
FM230
Lovelady, TX 75851
OFFICIAL COPY
EXAM: SPINE, CERVICAL 6 VIEWSHISTORY:
H/O C3-C5 LAMINECTOMIES, PT WOULD NOT TURN HEAD OR RAISE HIS CHIN
COMPARISON: None.
FINDINGS:
The fifth cervical interspace is narrowed, and the adjacent vertebral plates of
C5 and C6 are sclerotic. The apophyseal joints and neural arches are normal in
appearance except that the third, fourth and fifth spinous processes have been
removed. The spine is slightly straightened.
IMPRESSION:
Changes of osteoarthritis at the fifth cervical interspace. Resection of the
spinous processes of C3, C4 and C5.
Personally interpreted by:
MELVYN H SCHREIBER, MD /signed by/ MELVYN H SCHREIBER, MD
Department of Radiology
The University of Texas Medical Branch
Last edited on: 12/12/2016 9:25:00 AM
Finalized on: 12/12/2016 9:25:00 AM

This document has been sent for signature, but has not yet been reviewed

*Exhibit D - 2*

**Correctional Managed Care**
**RADIOLOGY REPORT**

**Date Transcribed:** 12/12/2016 11:10

**Patient Name:** WYRE, STEVIE   **TDCJ#:** 1858012   **Date:** 12/12/2016 11:10   **Age:** 45 year   **Race:** B
**Sex:** male **DOB:**  02/01/1971
**Patient's Facility:** EASTHAM (EA)  **Typist Name:**  LANE, NINA G.

# Department of Radiology

The University of Texas Medical Branch Hospitals
Galveston, TX 77555
Phone: (409) 747-7000
Fax: (409) 747-2850
**PATIENT:** Wyre, Stevie
**DATE OF BIRTH:** 02/01/1971
**DATE OF EXAM:** 12/12/2016 8:56:00 AM
**PATIENT #:** 1858012
**EXAM ID #:** 7758059
**REFERRING PHYSICIAN:**
THEODORE R HALL
Eastham Unit
FM230
Lovelady, TX 75851
OFFICIAL COPY

```
SPINE, LUMBAR, 5 VIEWS-: 12/12/2016 8:56 AM
HISTORY: .BQCK PAIN, LEG NUMBNESS
COMPARISON: 8/19/2014
FINDINGS:
Minimal diffuse changes of spondylosis are seen with anterior
osteophytosis.
Mild disc space narrowing seen at L5-S1. Other disc spaces are
well-maintained.
Vertebral body heights are unremarkable. Alignment is satisfactory. SI
joints
are normal.
No evidence of fracture or dislocation.
IMPRESSION: No significant findings.
Personally interpreted by:
PALAM ANNAMALAI, MD /signed by/ PALAM ANNAMALAI, MD
Department of Radiology
The University of Texas Medical Branch
Last edited on: 12/12/2016 9:31:00 AM
Finalized on: 12/12/2016 9:31:00 AM
```

This document has been sent for signature, but has not yet been reviewed

*Exhibit D - 3*

**Correctional Managed Care**
**RADIOLOGY REPORT**

**Date Transcribed:**  12/12/2016 11:10

**Patient Name:** WYRE, STEVIE   **TDCJ#:** 1858012   **Date:** 12/12/2016 11:10     **Age:** 45 year   **Race:** B
**Sex:** male **DOB:**  02/01/1971
**Patient's Facility:** EASTHAM (EA)  **Typist Name:**  LANE, NINA G.

C. Has any court ever warned or notified you that sanctions could be imposed?  _____ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _____ N/A

    2. Case number: _____ N/A

    3. Approximate date warning was issued: _____ N/A

Executed on: 1/11/17
     /DATE

Stevie Wyre # 1858012
Stevie Wyre # 1858012
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments hereto are true and correct/
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand ever if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ____ 11 ᵗʰ ____ day of ___ January ___, 20 17 .
      (Day)         (month)        (year)

Stevie Wyre # 1858012
Stevie Wyre # 1858012
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Stevie Wyre #1858012
Eastham Unit
2665 Prison Rd. #1
Loveladu, Texas 75851

Att: Clerk of Courts
United States District Court
Eastern District of Texas
104 N. 3rd Street
Lufkin, Texas 75901